1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   JORGE CORRAL MENDIOLA,          )   Civil No. 08cv2222 L(JMA)
                                     )
12                    Plaintiff,     )   **ORDER GRANTING MOTIONS TO**
                                     )   **DISMISS [doc. #3, 4];FOR**
13   v.                              )   **EXPUNGEMENT OF LIS PENDENS**
                                     )   **[doc. #5] and FOR LEAVE TO**
14   MTC FINANCIAL, INC.,** *et al.*,   )   **AMEND COMPLAINT**
                                     )
15                    Defendants.    )
                                     )
16   _____     )

17        Defendants MTC Financial Inc. dba Trustee Corps ("Trustee Corps") and Central

18   Mortgage Company ("CMC") (collectively "defendants") each move to dismiss the above-

19   captioned case under Federal Rule of Civil Procedure 12(b)(6).  CMC also moves for

20   expungement of lis pendens and requests attorneys' fees under California Civil Procedure Code

21   § 405.38 against plaintiff's counsel.

22        The Court notes that under the Civil Local Rules, plaintiff's response to the motions was

23   due on or before February 2, 2009. *See* CIV. L.R. 7.1(e)(2).  Plaintiff neither filed a timely

24   response nor sought additional time in which to file a response to defendants' motions.  After the

25   due date of the response had passed, the State Bar of California provided the Court with a

26   "Notice of Cessation of Law Practice of Mitchell Roth and MW Roth."  (Notice filed April 13,

27   2009, Doc. # 8.)  Mitchell Roth was counsel of record for plaintiff Mendiola.

28        As a result of the Notice from the State Bar of California, the Court granted plaintiff an

                                                                              08cv2222

1   additional 20 days in which to file a response to defendants' motions or a notice of substitution

2   of counsel.  *See* Order filed April 13, 2009. [doc. #7]  To date, defendants' motions remain

3   unopposed.  When an opposing party does not file papers in the manner required by Civil Local

4   Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion

5   or other request for ruling by the court."  CIV. L.R. 7.1(f.3.c).  Notwithstanding plaintiff's failure

6   to file an opposition, the Court will review the motions on the merits to determine whether any

7   legal issue exists that would preclude the granting of defendants' motions to dismiss.

8                                              **Legal Standard**

9          A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.  *De*

10  *La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A complaint may not be dismissed for

11  failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff

12  can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v.*

13  *Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion pursuant to Rule 12(b)(6), a court

14  must construe the pleadings in the light most favorable to the plaintiff, and further, must accept

15  as true all material allegations in the complaint, as well as any reasonable inferences to be drawn

16  therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  But a complaint may be

17  dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not

18  raise the "right to relief above the speculative level."  *Bell Atlantic v. Twombly*, 127 S. Ct. 1955,

19  1965 (2007).

20                                               **Background**

21         Plaintiff obtained a real property loan secured by a Deed of Trust from CMC in May

22  2006.  In 2008, plaintiff defaulted on the loan and defendants foreclosed on the property.  *See*

23  Exh. A.

24         **1.      Unfair Debt Collection Practices**

25         Plaintiff's first cause of action, that is based on information and belief, asserts that

26  defendants engaged in unfair debt collection practices under California's Rosenthal Fair Debt

27  Collection Practices Act, Civil Code § 1788(e) and (l); the federal Fair Debt Collections Act, 11

28  U.S.C. § 1692; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614.

1   (Comp. at ¶ 20.)

2       Under Federal Rule of Civil Procedure 8, complaints are required to set forth (1) the

3   grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

4   showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires

5   only "sufficient allegations to put defendants fairly on notice of the claims against them."

6   *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see also Swierkiewicz v. Sorema*, 534

7   U.S. 506 (2002).   A "[p]leading must be sufficiently intelligible for the court to be able to make

8   out one or more potentially viable legal theories on which the claimant might proceed, and it

9   must not be so vague or ambiguous that the opposing party cannot respond, even with a simple

10  denial, in good faith or without prejudice to himself."  CHARLES ALAN WRIGHT & ARTHUR R.

11  MILLER, FEDERAL PRACTICE AND PROCEDURE (2d ed.) § 1376.  When the factual detail is so

12  sketchy that the complaint does not provide the type of notice of the claim to which the

13  defendant is entitled under Rule 8, dismissal is proper.

14              Rule 8(a)(2) [ ] still requires a "showing," rather than a blanket entitlement to
            relief.  Without some factual allegations in the complaint, it is hard to see how a
15          claimant could satisfy the requirement of providing not only "fair notice" of the
            nature of the claim but also "grounds" on which the claim rests.
16

17  *Twombley*, 127 S. Ct. 1955, 1965 n.3 (2007)(citation omitted).

18      In the present case, the complaint is devoid of factual allegations that would give

19  defendants  notice of plaintiff's claims concerning unfair debt collection practices.  Under

20  Federal Rules of Civil Procedure 8(a), plaintiff's claims must be dismissed without prejudice.

21      **2.      Predatory Lending Practices**

22      In his second cause of action, plaintiff alleges that defendants engaged in predatory

23  lending practices under the Truth In Lending Act ("TILA") 15 U.S.C. § 1601, Home Ownership

24  and Equity Protection Act ("HOEPA"), and the Federal Trade Commission Act ("FTC Act") 15

25  U.S.C. § §§ 41-58.

26      Like plaintiff's allegations of unfair debt collection practices, his allegations concerning

27  predatory lending practices are based upon information and belief.  (Comp. at ¶ 23.)  Plaintiff

28  states that the specific facts of the alleged violations of the statutes listed above "are unknown,

1   but which are subject to discovery and with respect to which the specifics will be alleged by

2   amendment to this complaint when ascertained." *Id.* "Rule 8(a) 'contemplate[s] the statement of

3   circumstances, occurrences, and events in support of the claim" and does not authorize a

4   pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombley*, 127 S. Ct. at 1965

5   n.3 (quoting 5 WRIGHT & MILLER § 1202, at 94-95).

6        Plaintiff's second cause of action fails to meet the minimal requirements of Rule 8(a) and

7   therefore must be dismissed without prejudice.

8        **3.**     **RICO Violation**

9        "To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise

10   (3) through a pattern (4) of racketeering activity.'" *Odom v. Microsoft Corp.*, 486 F.3d 541, 547

11   (9th Cir. 2007), quoting *Sedima , S.P.R.L. v. Imprex Co.*, 473 U.S. 479, 496 (1985).

12   Racketeering activity is defined in 18 U.S.C. § 1961(1) as any in the long list of crimes.  Plaintiff

13   does not come close to sufficiently alleging any of the elements of a RICO cause of action.

14        In its entirety, plaintiff's allegation of violations of RICO is as follows:

15             25.    Plaintiff realleges paragraphs 1-24 as if fully set forth hereaf [sic]

16             26.    In doing the aforesaid acts, Defendants and each of them were participating
in and have participated in a scheme of racketeering as that term is defined in
17             RICO, 18 U.S.C. § §§ 1961 *et seq.*

18             27.    Plaintiff is therefore entitled to the remedies available under RICO in civil
actions.
19

20   (Comp. at 8.)

21        Plaintiff's allegations do not provide any basis for an inference that there was any

22   criminal activity that was a part of an enterprise or that defendant was engaged in such an

23   enterprise or that a pattern exists or of what the predicate act(s) consists.  Accordingly, plaintiff

24   has not met Rule 8(a)'s requirements for pleading a cause of action.

25        **3.**     **Motion for Expungement of Lis Pendens**

26        Defendants also move for expungement of the lis pendens plaintiff recorded on

27   September 23, 2008. *See* Exh. C. A lis pendens effectively prevents a sale or encumbrance of

28   the property until litigation is resolved or the lis pendens is expunged. *See Kirkeby v. Superior*

08cv2222

1  *Court*, 33 Cal. 4th 642. 651 (2004).  Prevents the resale of the property to recoup any of the

2  losses caused by plaintiff's default.

3      Plaintiff bears the burden of establishing by a preponderance of the evidence, the

4  probable validity of the claims.  Based on the discussion above, plaintiff has failed to state any

5  claims against defendants.  Accordingly, defendants' motion to expunge lis pendens will be

6  granted.

7                                      **CONCLUSION**

8      Based on the foregoing, **IT IS ORDERED** granting defendants' motions to dismiss

9  without prejudice. [doc. #3, 4]  **IT IS FURTHER ORDERED** granting defendants' motion to

10  expunge lis pendens. [doc. #5]  **IT IS FURTHER ORDERED** that if plaintiff intends to file an

11  amended complaint, he must do so within 20 days of the filing of this Order.

12      **IT IS SO ORDERED.**

13  DATED:  May 29, 2009

14                                          _____

15                                          M. James Lorenz
                                            United States District Court Judge

16  COPY TO:

17  HON. JAN M. ADLER
    UNITED STATES MAGISTRATE JUDGE

18

19  ALL PARTIES/COUNSEL

20

21

22

23

24

25

26

27

28